IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **HENRY VAN APELDOORN III,** | |
| Plaintiff, | CIVIL CASE NO. |
| v. | |
| **AMAZON.COM, INC., TMS MOTORSPORTS and T-MOTORSPORTS,** | Jury Trial Demand |
| Defendants. | |

**COMPLAINT FOR DAMAGES PURSUANT TO THE
ALABAMA EXTENDED MANUFACTURER'S LIABILITY DOCTRINE**

**COMES NOW HENRY VAN APELDOORN III**, by and through counsel, and files this Complaint for Damages Pursuant to the Alabama Extended Manufacturer's Liability Doctrine showing to the court as follows:

1.

Plaintiff, Henry Van Apeldoorn III, (hereinafter, "Hank"), is a resident of Mentone, Alabama.

2.

Defendants, T-Motorsports and TMS Warehouse are California corporations and, absent acknowledgment of service, can be served at 2550 Fulton Road, Unit #A, Pomona, CA 91767.

3.

Defendant, Amazon.com, Inc., is a Washington corporation and, absent acknowledgment of services, can be served through its registered agent, Corporation Service Company, 300 Deschutes Way SW, Suite 304, Tumwater, WA 98501.

4.

Plaintiff brings this action pursuant to 28 U.S. Code § 1332. Jurisdiction and venue are appropriate.

## STATEMENT OF FACTS

5.

On June 7, 2015, Plaintiff purchased a TMS Cart-Canoe/Kayak-KY001 through Amazon.com. (See Attachment "A").

6.

On information and belief, TMS Motorsports and T-Motorsports manufacture and sell the TMS Cart-Canoe/Kayak-KY001.

7.

The TMS Cart-Canoe/Kayak-KY001, (hereinafter, "TMS Cart"), is a cart with two pneumatic tires made to assist in moving a canoe or kayak between land and water.

8.

On Sunday, May 7, 2017, Hank was working around the house when he decided to reward himself with a kayak ride on the river near his house.

9.

Hank went into his storage shed to get the TMS Cart.

10.

As he had only used the TMS Cart a few times, Hank was disappointed to learn that the two pneumatic tires on the TMS Cart were flat.

11.

Hank took the TMS Cart to the area he keeps a small Craftsman air compressor.

12.

Because of the design of the valve stem and plastic wheel, Hank could not get the air chuck onto the tire valve.

13.

As the tire and wheel are held on with a cotter pin, Hank removed the tire and wheel to put in air.

14.

Hank held the wheel against his stomach and used his left index finger to move the valve stem so the air chuck would fit.

15.

Suddenly the tire exploded loudly breaking the plastic wheel and forcing a large piece of the plastic wheel into Hank's stomach.

16.

Hank staggered back from the force of the explosion.

17.

Hank struggled to maintain consciousness, maintain his balance, and catch his breath.

18.

Hank looked at his hands and saw a lot of blood. Hank looked at his stomach and saw limited blood.

19.

Hank managed to find some paper towels to wrap his hands in and found his way to an old couch in the far right bay of his garage to lie down.

20.

After what Hank believes was several minutes, Hank got up and made his way into the house to wash his hands and apply bandages to the cuts on his fingers caused by the exploded plastic wheel.

21.

Hank's wife, Susan, came home, found him in the bathroom, and began to assist Hank with bandaging his hands.

22.

Susan looked at Hank's stomach but only saw welts.

23.

However, when Hank attempted to stand, Hank suffered excruciating pain.

24.

Susan drove Hank to the Dekalb Medical Center in Ft. Payne, Alabama Emergency Room.

25.

By the time they arrived, Hank was suffering excruciating pain and he needed a wheel chair.

26.

As his initial blood pressure was normal, Hank waited to be treated. However, Hank's vision began to narrow and blur and sweat profusely through his clothes.

27.

Hank knew he was badly injured and began repeatedly saying the Lord's Prayer.

28.

The hospital staff began treating Hank and gave Hank at least four IVs. Hank's blood pressure dropped and the staff realized Hank was gravely injured and called the helicopter to transport Hank to Erlanger in Chattanooga.

29.

At Erlanger, doctors immediately operated on Hank and saved his life.

30.

Hank was in ICU for several days.  On May 12, 2017 there were further complications of an intestinal blockage.  They sucked four liters of bile out of Hank's abdomen and were able to resolve the blockage short of surgery.

31.

On May 13, 2017, Hank returned home and began his long recovery.

## DAMAGES FROM AEMLD

32.

Plaintiff reincorporates and realleges the allegations in paragraphs 1. through 31. as if fully set forth herein.

33.

Defendants manufactured, assembled, and sold the TMS Cart.

34.

Defendants further had substantial control over designing, testing, manufacturing, or packaging the TMS Cart.

35.

As a direct and proximate result of the defective design and condition of the TMS Cart, particularly related to the plastic wheel, tire, and air valve, Hank suffered serious

injuries.

36.

Hank's special and direct damages alone related to medical care exceed $120,000.00.

37.

Defendants could have chosen a safer, practical alternative design to avoid Hank's injuries.

38.

Defendants placed the TMS Cart into the stream of commerce and it was unaltered when Hank's injuries occurred.

39.

The TMS Cart was inherently dangerous when put to its intended or usual use due to the design of the wheel, tires, and valve stem.

Wherefore, Hank demands judgment for damages from AEMLD in an amount to be determined by the enlightened conscious of a jury.

## PUNITIVE DAMAGES

40.

Plaintiff reincorporates and realleges the allegations in paragraphs 1. through 39. as if fully set forth herein.

41.

Defendants' TMS Cart and their subsequent failure to respond to Hank are wanton, wilful, and wreckless.

Wherefore, Hank demands judgment for Punitive Damages in the enlightened conscious of the jury.

## ATTORNEY'S FEES

42.

Plaintiff reincorporates and realleges the allegations in paragraphs 1. through 41. as if fully set forth herein.

43.

Plaintiff is entitled to attorney's fees pursuant to Alabama Code Title 12. Courts § 12-19-272 and on other grounds.

Wherefore, Hank demands judgment for attorney's fees to be proven at trial

WHEREFORE, Plaintiff demands as follows:

1. That process issue;

2. That there be a trial by jury;

3. That Plaintiff Hank have judgment for damages due to AEMLD to be determined by the enlightened conscious of the jury;

4. That Plaintiff Hank have judgment for puntive damages in the enlightened conscious of the jury;

5. That Plaintiff Hank have judgment for attorney's fees in the enlightened conscious of the jury; and

6. That Plaintiff Hank have such ohter and furthrer relief ans this honorable Court deems appropriate.

Respectfully submitted this 20th day of November, 2017.

Ronald F. Debranski II
Georgia Bar No. 970355
Attorney for Plaintiff

Debranski & Associates, LLC
321 Creekstone Ridge
Woodstock, GA 30188
770-926-1957
ron@debranski.com

amazon.com

## Final Details for Order #108-0885669-9756213
Print this page for your records.

**Order Placed:** June 7, 2015
**Amazon.com order number:** 108-0885669-9756213
**Order Total:** $32.30

| Shipped on June 9, 2015 | |
|---|---|
| **Items Ordered** | **Price** |
| 1 of: *TMS CART-CANOE/KAYAK-KY001 New Jon Boat Kayak Canoe Carrier Dolly Trailer Tote Trolley Transport Cart Wheel*<br>Sold by: TMS Warehouse (seller profile)<br><br>Condition: New | $32.30 |
| **Shipping Address:**<br>H. Van Apeldoorn III<br>95 Huron St<br>Mentone, AL 35984<br>United States<br><br>**Shipping Speed:**<br>Standard | Item(s) Subtotal: $32.30<br>Shipping & Handling: $0.00<br>-----<br>Total before tax: $32.30<br>Sales Tax: $0.00<br>-----<br>**Total for This Shipment:** $32.30<br>----- |

| Payment information | |
|---|---|
| **Payment Method:**<br>American Express | Last digits: 1001<br><br>**Billing address**<br>H. Van Apeldoorn III<br>95 Huron St<br>Mentone, AL 35984<br>United States | Item(s) Subtotal: $32.30<br>Shipping & Handling: $0.00<br>-----<br>Total before tax: $32.30<br>Estimated tax to be collected: $0.00<br>-----<br>**Grand Total:** $32.30 |
| **Credit Card transactions** | American Express ending in 1001: June 9, 2015: $32.30 |

To view the status of your order, return to Order Summary.

Conditions of Use | Privacy Notice © 1996-2017, Amazon.com, Inc. or its affiliates

ATTACHMENT
"A"